UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:17-cr-039-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOSE DE JESUS ANGUIANO FIGUEROA, | |
| Defendant. | |

# INTRODUCTION

During the sentencing of defendant Figueroa on February 25, 2019, the Court explained how the sentence it imposed was affected by (1) the recalculation of the mandatory minimum, (2) the Government's motion under 5K1.1 and § 3553(e), and (3) the disparity between actual methamphetamine and a mixture of methamphetamine. This decision is intended to supplement that analysis from the bench.

# ANALYSIS

## Recalculation of Mandatory Minimum

The Court started with a mandatory minimum of 180 months – the statutory mandatory minimum for Count Six was 120 months and was increased by the

mandatory addition of 60 months required under Count Eleven for a total mandatory minimum of 180 months.

Prior to the sentencing hearing, the Government filed a motion pursuant to Guideline § 5K1.1 and 18 U.S.C. § 3553(e), seeking a 6-level reduction in the offense level based on the defendant's substantial assistance. The motion does not pertain only to Count Six; it can only be read as pertaining to both Count Six and Count 11. Thus, the entire mandatory minimum of 180 months must be recalculated.

The Court granted the Government's motion under 5K1.1 and § 3553(e), agreeing that the defendant's substantial assistance warranted a 6-level reduction. To recalculate the mandatory minimum, the Court looked for the lowest offense level with a criminal history category of I that corresponded to a 180-month sentence – here that is 34. Departing 6 levels from 34 yields a 28, and this reduces the range to 78 to 97 months. Thus, under the Court's calculation, the new mandatory minimum is 78 months. *See generally U.S. v. Hays,* 5 F.3d 292 (7th Cir. 1993) (holding that in a case with a mandatory minimum of 60 months, the two-level departure under a § 3553(e) motion would start "with the lowest offense level consistent with a 60-month sentence and depart[] downward two levels from that point").

In recalculating the mandatory minimum, the Court is following the guidance given in *U.S. v. Auld,* 321 F.3d 861 (9th Cir. 2003). In determining how far below that mandatory minimum it may sentence, *Auld* instructed the District Court to consider the 5K1.1 factors. The Court has followed this language from *Auld* in recalculating the mandatory minimum by considering the factors listed in 5K1.1:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.

The Court has used the Government's own assessment of those 5 factors, which are embodied in its motion for a 6-level downward departure under 5K1.1, and then extrapolated to determine what that kind of departure would mean in the context of the mandatory minimum.

**Methamphetamine Disparity**

The Court has for some time now observed an unwarranted disparity in methamphetamine sentences based solely on whether purity testing was performed. The Court will discuss this more fully in a separate decision accompanying this decision, but it is enough to say that this disparity was borne out in this case.

**Memorandum Decision & Order – page 3**

Here, the weight of the methamphetamine mixture and other drugs compute to a marijuana equivalent of 14,973.78 kilograms, while in contrast, the actual methamphetamine and other drugs compute to a marijuana equivalent of 134,721.78 kilograms. The base offense level for the methamphetamine mixture is 34, but the base offense level for actual methamphetamine is 38. The adjusted offense level, in turn, would have been 31 and 35, respectively. With a Criminal History Category of I, the guideline range without purity testing would have been 108 months to 135 months. With purity testing, the guideline range increases to 168 months to 210 months, an increase in the guideline range of 60 percent.

To ameliorate this unwarranted disparity, I will treat the methamphetamine sentencing guidelines as only loosely advisory. I will consider what constitutes an appropriate sentence based upon an individualized assessment of all the facts presented, without undue regard for the increased guideline range when drug purity is considered. To supplement my findings today, I will also file a short written memorandum which spells out the reasoning for my policy disagreement with the guidelines and my approach to sentencing for methamphetamine offenses. But, of course, this does not affect the 5 year mandatory minimum sentence on the 924(c) conviction, which must be added to the sentence.

Based on all these findings, the Court finds that the Guideline range is 168 months (the low end of the range for a mixture of methamphetamine plus 60

**Memorandum Decision & Order – page 4**

months on the 924(c) conviction) to 270 months (the high end of the range for actual methamphetamine plus 60 months on the 924(c) conviction).

Next, this range must be adjusted for the six-level downward departure under 5K1.1. Subtracting that from the adjusted offense level (31 for the mixture and 35 for the pure) results in an adjusted offense level of 25 for a mixture and 29 for the pure. The adjusted guideline range becomes 57-71 months for a mixture and 87-108 months for the pure. Adding the 5-year mandatory minimum for the 924(c) violation, the bottom of the mixture guideline range becomes 117 months (57+60), and the top of the pure guideline range becomes 168 (108+60).

## Conclusion

Based on the above analysis, the mandatory minimum sentence is 78 months and the Court will, by way of a variance, deem the effective Guideline range to be 117 to 168 months.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the mandatory minimum sentence is 78 months and the Court will, by way of a variance, deem the Guideline range to be 117 to 168 months.



DATED: February 27, 2019

_____
B. Lynn Winmill
U.S. District Court Judge